F. H. CHAMBERLAIN v. SOUTHERN DYEING COMPANY.

(Filed 18 May, 1927.)

1. **Instructions—Appeal and Error—Objections and Exceptions—Contentions.**

The practice of the trial judge in stating the contentions of the parties rests by custom and not by statute, and for alleged error therein the appealing party must have excepted at the time affording the judge an opportunity for correction.

2. **Appeal and Error—Briefs—Assignments of Error.**

In order to comply with Rule 28, regulating appeals to the Supreme Court, the briefs should "properly number the several grounds of exception and assignments of error with reference to the printed pages of transcript and cite the authorities relied on classified under such assignment.

CIVIL ACTION, tried before *Walter E. Moore, J.*, and a jury, at January Term, 1927, of LINCOLN.

The issue submitted to the jury was: "Is the defendant indebted to the plaintiff, and if so, in what amount?"

The jury answered the issue $250, and from judgment upon the verdict the defendant appealed.

*A. L. Quickel for plaintiff.*
*Carroll & Carroll for defendant.*

PER CURIAM. The plaintiff instituted an action against the defendant to recover the sum of $250 for services or commission in effecting a sale of certain machinery belonging to the defendant. The defendant denied that plaintiff had been instrumental in making said sale, con-

tending that the parties were merely negotiating to ascertain if a satisfactory agreement could be reached as to the purchase price of the property. The evidence of plaintiff tended to establish a definite contract of sale and the amount of compensation or commission due for his services in making the sale. The evidence of the defendant was to the contrary. Thus, a clear-cut issue of fact arose, and it was the sole and exclusive function of the jury to determine the facts. However, the defendant attacks the charge of the trial judge upon two grounds. First, the failure to properly state the contention of defendant. Second, erroneous instruction to the jury. The statute, C. S., 564, does not require the judge to state the contentions of parties, but it has become the fixed practice to do so. However, the record discloses that the trial judge did state the chief contentions of defendant. If the contentions were improperly or incorrectly stated, it was the duty of defendant to call attention thereto at the time. *S. v. Sinodis,* 189 N. C., 571, and cases cited.

The record further discloses that at the conclusion of the charge the judge inquired of counsel if there was anything further either party desired included in the charge, and that, in response to this inquiry, there was no request by the defendant for further instructions, or for a more elaborate arraying of its contentions.

We have examined the instructions given the jury and can discover no material or reversible error. Hence the judgment is affirmed.

The appellant's brief does not contain, "properly numbered, the several grounds of exception and assignments of error with reference to the printed pages of transcript and the authorities relied on classified under each assignment," as required by Rule 28. The grouping of exceptions and assignments of error do not refer to the pages of the record and do not contain the particular language to which the exception is taken, or reference to the page of the record where the objectionable matter can be found. *Rawls v. Lupton, ante,* 428.

Affirmed.